UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONNELL WILLIAMS,

                Plaintiff,

v.

R. LOOMIS et al.,

                Defendants.

_____/

Case No. 1:19-cv-870

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the

Court is required to dismiss any prisoner action brought under federal law if the complaint is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C.

§ 1997e(c).   The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*,

404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these

standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.[1]

---

[1] Also pending before the Court is Plaintiff's motion to suspend fees and costs (ECF No. 4), which was filed simultaneously with his application to proceed *in forma pauperis* in this action (ECF No. 3).  The Court has since granted leave to proceed *in forma pauperis*.  Given that Plaintiff has now received all of the relief to which he is entitled, his motion to suspend fees and costs will be denied as moot.

## Discussion

### I. Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues three DRF librarians: Unknown Loomis, S. Ricks, and an unknown female librarian (Unknown Part(y)(ies)).

Plaintiff alleges that, on July 11, 2019, Defendants Loomis and Unknown Part(y)(ies) and a non-Defendant library tech refused to put Plaintiff on library call-out so that he could see the legal writer. On July 16, 2019, Defendant Loomis and other non-Defendant library officials (J. Kissel and Acting Librarian Tech Helms) did not place Plaintiff on library call-out to see a legal writer about filing a writ of mandamus and a motion under Rule 60(b).

Plaintiff apparently filed one or more grievances. On August 1, 2019, Defendants Unknown Part(y)(ies) and Ricks sought to have Plaintiff sign off on his grievance. When Plaintiff refused, Defendant Ricks told Plaintiff that he was taking Plaintiff off library call-out and that the legal writer would not be filing any of his motions at DRF. Grievance Coordinator Becher (not a Defendant) rejected Plaintiff's Step-I grievance and refused to provide Plaintiff with a Step-II grievance form. Plaintiff alleges that six of his grievances were not processed.

Plaintiff contends that Defendants, by not providing Plaintiff library call-outs on two dates and threatening to take Plaintiff off library call-out to see the legal writer, engaged in harassing conduct. He alleges that Defendants' conduct violated prison rules concerning the humane treatment of prisoners and, arguably, the Eighth Amendment. Plaintiff also suggests that Defendants violated prison policy by preventing him from pursuing his grievances to all three steps of the grievance process. He also alleges that Defendant Ricks threatened to prevent him from meeting with the legal writer and preparing legal filings in retaliation for filing grievances. In

addition, Plaintiff's allegations arguably demonstrate an intent to claim that he was denied his right of access to the courts.

Plaintiff seeks compensatory and punitive damages, together with an injunction disciplining the offending employees.

## II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Violation of Prison Policy

Plaintiff alleges that Defendants violated MDOC Policy Directive (PD) 03.03.130 (Humane Treatment and Living Conditions for Prisoners) by denying him access to the library on two occasions and preventing him from exhausting his grievances. He argues that Defendants' actions amounted to "Harassment, Intimidation, and tormenting" Plaintiff. In addition, Plaintiff suggests that Defendant Ricks' handling of Plaintiff's prison grievance violated prison policy, presumably PD 03.02.130 (Prisoner/Parolee Grievances).

Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. As a consequence, Plaintiff's claims that Defendants' conduct violated either PD 03.03.130 or PD 03.02.130 fail to state a claim.

## IV.     Eighth Amendment

By referencing harassment that violates the policy of humane treatment of prisoners, Plaintiff arguably intends to suggest that Defendants' alleged harassment and threat violated the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff's allegations about harassment fall far short of demonstrating conditions intolerable for prison confinement. *Rhodes*, 452 U.S. at 348. Being deprived of access to the law

library on two occasions and being unable to utilize the grievance process are conditions that do not implicate Plaintiff's health or safety or suggest the wanton infliction of pain. *Id.* at 346. Moreover, allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Ivey*, 832 F.2d at 955. Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See Torres v. Oakland Cty.*, 758 F.2d 147, 152 (6th Cir. 1985).

As a consequence, to the extent that Plaintiff intends to allege a violation of the Eighth Amendment, his complaint fails to state a claim.

## V.    Denial of Grievances

Plaintiff complains that Defendants unreasonably denied, or otherwise interfered with his ability to pursue, his grievances. His allegations arguably invoke the Due Process Clause of the Fourteenth Amendment and the right to petition government embedded in the First Amendment.

Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422,

1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

In addition, Plaintiff's right to petition government is not violated by Defendants' failure to process or act on his grievances. The First Amendment "right to petition government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Moreover, Defendants' actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415-16 (6th Cir. 2014) (citing *N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his pro se invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

For these reasons, Plaintiff fails to state a constitutional claim arising out of Defendants' rejection of his grievances and refusals to process his grievances.

## VI.     Access to the Courts

Plaintiff complains that Defendants Loomis and Unknown Part(y)(ies) refused to allow him library call-out on two dates, July 11 and 16, 2019. His allegations suggest that he may intend to raise an access-to-the-courts claim.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378,

391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff alleges that, on the dates in question, he intended to see the legal writer "so [the legal writer] can File a Writ OF Mandamus, and a rule 60(b) Motion for [Plaintiff]." (Compl., ECF No. 1, PageID.3.) Plaintiff provides no other description of the underlying case or cases in which he intended to file the proposed documents. He therefore fails to adequately plead his claim under *Christopher*, 536 U.S. at 415. Moreover, all but one of Plaintiff's previously federal cases were finally resolved not later than October 2017, nearly two years before the alleged deprivations of library time. *See Williams v. Hill et al.*, No. 2:14-cv-206 (W.D. Mich. Oct. 24, 2017) (order granting Defendants' motion for judgment as a matter of law made at the close of plaintiff's proofs at trial); *Williams v. Schuette*, No. 2:16-cv-14237 (E.D. Mich. June 30, 2017) (Order dismissing without prejudice); *Williams v. M.D.O.C. et al.*, No. 2:16-cv-14280 (E.D. Mich. Jan. 24, 2017) (Op. & Order dismissing without prejudice); *Williams v. Unknown Part(y)(ies)*, No. 1:14-cv-1149 (Order & Jud. dismissing without prejudice). As a result, a motion for mandamus or relief from judgment was unlikely to be proper, much less require immediate action.

Moreover, neither a motion for mandamus nor a motion for relief from judgment under Fed. R. Civ. P. 60(b) would have been appropriately filed in Plaintiff's only then-pending case, *Williams v. Washington et al.*, No. 2:18-cv-144 (W.D. Mich.). Although part of the case was dismissed at screening, the balance of the case remained pending (and still remains pending). Indeed, the magistrate judge had just issued a report and recommendation to deny Defendant Belanger's motion for summary judgment for failure to exhaust administrative remedies. (No. 2:18-cv-144, ECF No. 31, PageID.219-236.) That report and recommendation was adopted by the district judge on September 26, 2019.

As a consequence, neither Plaintiff's complaint nor the Court's docket reveal a basis for a non-frivolous motion of the type described in the complaint. Further, Plaintiff has wholly failed to allege how a denial of only two days of library privileges could have resulted in actual injury, as described by *Lewis*, 518 U.S. at 351-53. Without more, Plaintiff's allegations fail to support a claim that he was denied his right of access to the courts.

### VII.    Retaliation

Plaintiff complains that Defendant Ricks retaliated against him when Ricks told Plaintiff in a grievance proceeding that they were taking him off of library call-out and by telling him that a legal writer would not be assisting him to file motions while he was housed at DRF. Plaintiff implies that Defendant Unknown Part(y)(ies) acquiesced in that threat. Plaintiff contends that Defendant Ricks' threat was motivated by Plaintiff's refusal to sign-off on his grievance.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish the following: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was

motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). The Court will assume for purposes of this opinion that Plaintiff's grievance was nonfrivolous and therefore protected conduct under the first step of the retaliation test.

However, Plaintiff's claim fails at the second step, because the alleged statement by Defendant Ricks does not rise to the level of adverse action. A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, *see, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542.

Here, Defendant Ricks' threat to take Plaintiff off the legal writer program and to deny him library call-outs to see the legal writer does not rise to the level of adverse action. Removing Plaintiff from his eligibility to see a legal writer would not be adverse to someone in Plaintiff's position. Plaintiff is a prolific filer of grievances and legal complaints, and he has lodged a total of nine civil rights actions in the district courts of this state. The majority of Plaintiff's complaints have been written without the benefit of a legal writer. Although some of his claims against individual defendants have been dismissed for failure to state a claim, Plaintiff's

extensive history of handwritten complaints and other filings demonstrates that Plaintiff has no need for the assistance of a legal writer in order to exercise his rights. Indeed, Plaintiff filed four new complaints in this Court, including this one, in a one-and-one-half-month period, beginning six weeks after the alleged threat by Defendant Ricks. *See Williams v. Loomis et al.*, No. 1:19-cv-870 (W.D. Mich.); *Williams v. Washington et al.*, No. 1:19-cv-869 (W.D. Mich.); *Williams v. Stevenson et al.*, No. 1:19-cv-862 (W.D. Mich.); *Williams v. Woodin et al.*, No. 1:19-cv-721 (W.D. Mich.). As a consequence, the threat to take away a legal writer would not have deterred a prisoner in Plaintiff's circumstances from exercising his First Amendment rights.

Moreover, although Plaintiff suggests that Defendant Ricks threatened to take him off library call-out for all purposes, the remainder of his allegations focus solely on Plaintiff's demands to be placed on call-out to see the legal writer. And Plaintiff fails to allege that Ricks acted on any threat to deny Plaintiff access to the law library generally. Plaintiff clearly has had access to the library for the copying and filing of the complaints, exhibits, and accompanying motions for pauper status and for suspension of the filing fee in each of his four new cases. Plaintiff also has filed at least one motion in those cases citing applicable law that undoubtedly required new research. (*See* 1:19-cv-721, ECF No. 6, PageID.92-93 (Motion to Recuse Attorney General) (Sept. 5, 2019).) From this record and considering the balance of the allegations, it is apparent that any threat by Defendant Ricks to deny Plaintiff library call-out was limited to call-outs to see the legal writer. As a consequence, Plaintiff's allegation concerning the threat to deny him all access to the law library was either nonexistent or idle. Such a threat to a person in Plaintiff's circumstances is de minimis.

Plaintiff therefore fails to state a retaliation claim against Defendants Ricks and Unknown Part(y)(ies).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   December 20, 2019                              /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge